IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BADGER MINING CORPORATION,

                    Plaintiff,                             OPINION AND ORDER

    v.

                                                             19-cv-840-wmc

FIRST AMERICAN TITLE COMPANY,

                    Defendant.

This case is set for a bench trial, commencing on Monday, May 3, 2020, to resolve plaintiff Badger Mining Corporation's remaining, unresolved claim for bad faith and to address damages. In advance of the final pretrial conference, the court issues the following opinion and order on defendant First American Title Company's motions *in limine*. (Dkt. ##71-73.)

OPINION

I. **Defendant's Motion *in Limine* to Preclude Plaintiff from Offering Any Expert Opinion Testimony at Trial (dkt. #71)**

Defendant seeks to preclude plaintiff from offering any expert testimony because it did not disclose any experts or their opinions as required under Rule 26(a)(2). In response, plaintiff notes that neither it nor defendant disclosed any experts -- and, therefore, does not oppose defendant's motion. (Pl.'s Opp'n (dkt. #82) 2.) That said, for clarification, plaintiff also notes that it does intend to call witnesses, namely Badger's CEO and one of the attorneys in the underlying action to testify as to "events that occurred, evaluations that we made, strategies that were developed, and judgments that were reached at the time of the subject real estate transaction and in defense of the Underlying Action." (*Id.* at 3.)

The court agrees that this testimony is proper fact testimony, so defendant's motion *in limine* will not bar it, but offers no opinion on the relevance of this testimony in light of its opinion and order issued today. (4/14/21 Op. (dkt. #85).)

### II. Defendant's Motion *in Limine* to Exclude Evidence at Trial Outside the "Four Corners" Rule on the Issue of Defendant's Duty to Defend (dkt. #72)

In this motion, defendant seeks an order limiting any evidence submitted at trial on plaintiff's breach of a duty to defend claim to the four corners of the complaint in the underlying action and the applicable insurance policy, which is generally consistent with Wisconsin law as set forth in this court's decision on the parties' cross motions for summary judgment. In response, plaintiff again does not dispute that the duty to defend is determined by the four corners of the complaint and the policy, but contends that evidence outside of the scope of the complaint and policy is relevant to determining "damages, certain of First American's affirmative defenses, and the positions First American has taken regarding application of the collateral source rule." (Pl.'s Opp'n (dkt. #82) 1-2.) In light of the court's ruling that defendant breached its duty to defend, this motion is likely mooted. Nonetheless, defendant's motion will be granted as unopposed as to issues related to plaintiff's duty to defend claim. Nothing about this decision precludes the introduction of other evidence on issues other than defendant's liability on that claim.

### III. Defendant's Motion *in Limine* to Exclude Evidence at Trial Regarding Alleged Attorneys Fees and Defense Costs Purportedly Incurred by Plaintiff That Have Already Been Reimbursed to Plaintiff (dkt. #73)

Finally, defendant moves to exclude any argument that defendant must reimburse

plaintiff for any attorneys' fees and costs incurred in the underlying action to the extent already reimbursed to plaintiff from another source. As defendant acknowledges, this motion simply reasserts its position at summary judgment that the collateral source rule does not apply to this case. Having now considered both parties' arguments at summary judgment, and rejected defendant's position, this motion will be denied as moot. Moreover, having already decided this issue, there is no reason for either party to present further evidence or argument on the *application* of the collateral source doctrine at trial, except as it may concern the relevance of a "double recovery" to an award for bad faith, if any.

ORDER

IT IS ORDERED that:

1) Defendant First American Title Insurance Company's motion *in limine* to preclude plaintiff from offering expert opinion (dkt. #71) is GRANTED AS UNOPPOSED.

2) Defendant's motion *in limine* to exclude evidence outside of the "four corners" rule on plaintiff's breach of duty to defend claim (dkt. #72) is GRANTED AS UNOPPOSED.

3) Defendant's motion *in limine* to exclude evidence of attorneys' costs and fees incurred in the underlying litigation which have already been reimbursed (dkt. #73) is DENIED AS MOOT.

Entered this 14th day of April, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3